IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

HARRY MICHAEL WRIGHT,

    Plaintiff,

v.                                                      CASE NO. 4:10-cv-00085-MP-WCS

CITY OF TALLAHASSEE, DENNIS MICHAEL JONES, JOHN MARKS, JOHN MOODY, SEDRICK LEE PORTER, TALLAHASSEE POLICE DEPARTMENT,

    Defendants.

_____/

## **O R D E R**

This matter is before the Court on Doc. 27, Second Supplemental Report and Recommendation. On September 28, 2010, the Magistrate Judge recommended the Second Amended Complaint be dismissed for failure to state a claim for which relief may be granted, Doc. 19. Plaintiff responded by filing a Third Amended Complaint, Doc. 20, along with a Motion to Amend and a motion for reconsideration of the recommendation, Docs. 21, 22. On October 29, 2010, the Magistrate Judge filed a supplemental report and recommendation, Doc. 23, which analyzed the proposed Third Amended Complaint and found that it still failed to state a claim on which relief may be granted. Plaintiff then filed a Fourth Amended Complaint, Doc. 25, along with another Motion to Amend and another motion asking the Magistrate Judge to reconsider the recommendation, Docs. 24, 26. The Magistrate Judge then filed a second supplemental Report and Recommendation, Doc. 27, to which the Plaintiff timely objected, Doc. 28. This Court now reviews the objected-to analysis *de novo*.

The issue on whether a complaint should be dismissed pursuant to FED. R. CIV. P. 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has

alleged enough plausible facts to support the claim stated. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The complaint's allegations must be accepted as true when ruling on a motion to dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), *cert. denied*, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations." Twombly, 127 S.Ct. at 1965, *quoting* Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). However,

> . . . a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id. [Twombly], at 570, 127 S.Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " Id., at 557, 127 S.Ct. 1955 (brackets omitted).

Ashcroft v. Iqbal, 556 U.S. , 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

*Pro se* complaints are held to less stringent standards than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), *citing* Haines v. Kerner, 404 U.S. 519, 520-521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972). Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people . . . ." Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005), *quoted in* Twombly, 127 S.Ct. at 1966.

Here, based on a complaint by Mr. Porter, Defendant Moody began an investigation into Porter's complaint of having purchased a stolen truck from Plaintiff. Plaintiff alleges that on

July 15, 2004, Officer Moody met with Porter, who identified Plaintiff from a photo line-up, and then on August 24, 2004 that Officer Moody prepared a probable cause affidavit, which was supplemented on September 10, 2004.  Based on that information, Plaintiff was arrested.  Plaintiff contends that those charges were dismissed on September 1, 2006.  Plaintiff seeks to recover for malicious prosecution, false arrest, and conspiracy between Officer Moody and the now-deceased victim Mr. Porter.

An arrest, if made without probable cause or a warrant, violates the Fourth Amendment. Redd v. City of Enterprise, 140 F.3d 1378, 1382 (11th Cir. 1998), *citing* Von Stein v. Brescher, 904 F.2d 572, 579 (11th Cir. 1990). "Probable cause exists if 'the facts and the circumstances within the collective knowledge of the law enforcement officials, of which they had reasonably trustworthy information, are sufficient to cause a person of reasonable caution to believe that an offense has been or is being committed.'"  Madiwale v. Savaiko, 117 F.3d 1321, 1324 (11th Cir. 1997), *quoting* United States v. Jimenez, 780 F.2d 975, 978 (11th Cir. 1986); *see also* Rankin v. Evans, 133 F.3d 1425, 1433 (11th Cir.), cert. denied 119 S. Ct. 67 (1998) (stating that probable cause determinations consider whether "a reasonable man would have believed [probable cause existed] had he known all of the facts known by the officer.").

Here, if all Plaintiff's allegations are true, Defendant Moody had probable cause to arrest him.  Plaintiff alleges that Mr. Porter bought the truck from a Tallahassee Democrat advertisement, and that it was returned to the possession of the rightful owner by police in Waycross, Georgia.  When Defendant Moody met Mr. Porter, Mr. Porter "identified Plaintiff Wright as the person from whom he had purchased the stolen truck." Doc. 18, p. 4.  The police report notes that Mr. Porter identified Plaintiff from a photo line-up.  Shortly thereafter, Defendant Moody supplemented the report, adding that Plaintiff "had originally purchased the

truck in this case in Ware County with a fraudulent cashier's check." Doc. 18, p.5.

None of these allegations describe unlawful or unconstitutional acts by Defendant Moody. Indeed, the facts as alleged by Plaintiff provide probable cause for Plaintiff's arrest. This is likely true even if Defendant Moody did not give a physical description of the alleged perpetrator and did not initial and date the photograph of Plaintiff that was shown to the victim in the photographic line-up, as Plaintiff contends in his proposed Fourth Amended Complaint, Doc. 25.

Moreover, even if the facts did not amount to probable cause, Defendant Moody would have the defense of qualified immunity through "arguable probable cause," which is "where 'reasonable officers in the same circumstances and possessing the same knowledge as the Defendants could have believed that probable cause existed to'" effect the arrest. Redd, 140 F.3d at 1382. Qualified immunity will protect officials who "reasonably but mistakenly conclude that probable cause is present." Madiwale, 117 F.3d at 1324.

To prove a § 1983 claim for malicious prosecution, Plaintiff must establish a violation of his Fourth Amendment rights, and as noted above, he does not do so. Plaintiff's facts to not establish that the Defendant lacked probable cause to initiate the proceeding. Kingsland v. City of Miami, 382 F.3d 1220, 1234 (11th Cir. 2004). Accordingly, when an arrest is supported by probable cause, then a § 1983 malicious prosecution claim must fail. *Id*.

As the Magistrate Judge noted, there is no legal basis for Plaintiff's claims against the other Defendants. Plaintiff makes no factual claims at all against the City of Tallahassee or Chief of Police Dennis Jones. That the mayor and others have "administrative and operational control" over the police department is not a sufficient basis for a claim because *respondeat superior* is not a viable basis for liability. Harvey v. Harvey, 949 F.2d 1127, 1129 (11th Cir.

1992), *citing* Monell v. Department of Social Services, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).  Only those persons who were personally involved or participated in the events at issue, or who are responsible for creating a policy or procedure that caused the constitutional deprivation, are appropriate Defendants.

      Plaintiff objects to this analysis on several grounds.  Plaintiff notes that he has filed appropriate responses, objections, and requests for reconsideration.  Plaintiff also notes that he has endeavored to articulate and "fine tune" the pleadings to state a claim in more detail.  This Court agrees.  Plaintiff goes on to object that dismissal of his claim would deprive him of the opportunity to prove that Officer Moody did not have arguable probable cause to arrest him.  This Court does not agree.  Rather, dismissing this case would conclude inquiry into whether the facts alleged actually occurred, because even if they did occur as Plaintiff alleges, he would not be entitled to relief.  If everything Plaintiff alleges is true, he was arrested after a victim of a crime identified him as the culprit, and an officer of the law arrested him pursuant to an arrest warrant supported by an affidavit describing the evidence upon which that officer believed he had probable cause.

      Finally, Plaintiff objects that Officer Moody did not present all the facts to the magistrate judge who signed the arrest warrant "so that the judge could make a neutral and independent determination of probable cause to support the issuance of the arrest warrant for Plaintiff."  Doc. 28, p. 3.  Specifically, Plaintiff claims in his statement of facts that he was not in the area where the truck was originally purchased, and that he was not in the area where it was sold to Mr. Porter, because he was elsewhere preparing his boat for a fishing trip in the Gulf of Mexico.

      As the Florida Supreme Court noted in Johnson v. State, "[a]ny discussion of omissions in this context must begin with the United States Supreme Court's holding in Franks, which

established a limited form of review for *misstatements* contained in probable cause affidavits. Central to this review is a requirement that the moving party 1) must show the misstatement material to the question of probable cause, and 2) must show a requisite level of intent by police to deceive. 660 So.2d 648, 655 (Fla. 1995) (*citing* Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674 (1978)). The Florida Supreme Court continued its analysis in Johnson to hold that the Franks standard applies to alleged omissions, such that a reviewing court must determine the omission resulted from intentional or reckless police misconduct that amounts to deception in order to warrant an evidentiary hearing.

Even if Plaintiff was innocent of the crimes for which Officer Moody arrested him because he was elsewhere preparing his boat for a fishing trip at the time the crimes occurred, that does not mean that Officer Moody lacked probable cause at the time of arrest. Plaintiff does not allege that Officer Moody knew of those facts that show his innocence. He does not allege that Officer Moody intentionally misled the magistrate judge who signed the arrest warrant, or any facts that would show that Officer Moody was reckless in his presentation of facts in the probable cause affidavit supporting the arrest warrant at issue here. Therefore, Plaintiff has failed under Florida law to show that the arrest warrant at issue was invalid and that there was not probable cause to arrest him. Therefore, his complaint fails to state a claim on which relief may be granted.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1.   The Second Supplemental Report and Recommendation, Doc. 27, is ADOPTED and incorporated herein.

2.   This case is DISMISSED for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3. The Clerk is directed to note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

4. All pending motions are DENIED.

**DONE AND ORDERED** this   *8th* day of December, 2010

*s/Maurice M. Paul*

Maurice M. Paul, Senior District Judge
